**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL STEVENSON,** | ) | |
| **Petitioner,** | ) | |
| | ) | **11 C 4394** |
| **v.** | ) | |
| | ) | **Judge Joan H. Lefkow** |
| **DONALD GAETZ,**[1] | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Pro se petitioner Michael Stevenson (prisoner number N93569), who is currently

incarcerated in the Pinckneyville Correctional Center, is serving a 21-year sentence for

possession of a stolen motor vehicle and possession of burglary tools. He has petitioned this

court for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the petition

is denied.

## BACKGROUND

The court will presume that the state court's factual determinations are correct for the

purposes of habeas review as Stevenson neither contests them nor points to clear and convincing

evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Todd* v. *Schomig*, 283 F.3d 842, 846 (7th

Cir. 2002). The court thus adopts the state court's recitation of the facts, and will briefly

summarize key facts relevant to the petition.

---

[1] Stevenson's petition named Keith Anglin, the former warden of Logan Correctional Center, as
the respondent. Stevenson is currently incarcerated at the Pinckneyville Correctional Center.
Accordingly, Donald Gaetz, the warden of that facility, is hereby substituted as the respondent. *See*
Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

## A.    State Direct Proceedings

During a bench trial in the Circuit Court of Cook County, the state contended that on June 6, 2005, Stevenson stole a van owned by Johnnie Rogers.  Stevenson represented himself during trial.  The trial court found him guilty of possession of a stolen motor vehicle and possession of burglary tools, merged the convictions, and sentenced him to 21 years of imprisonment as a Class X offender based on his extensive criminal history.

On direct appeal, Stevenson asserted that his sentence was excessive and challenged the trial court's assessment of a $4 traffic conviction surcharge.  The Illinois Appellate Court rejected Stevenson's sentencing challenge but accepted the State's confession of error for the $4 surcharge.  Stevenson then filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court renewing his excessive sentence claim.  On May 29, 2008, the Illinois Supreme Court denied the PLA.

## B.    State Post-Conviction Proceedings

On August 25, 2008, Stevenson filed a *pro se* state post-conviction petition under 725 ILL. COMP. STAT. § 5/122-1, *et seq*., raising five claims: (1) the state knowingly used perjured testimony regarding the van's ownership; (2) the trial judge was biased because he advised Stevenson not to proceed *pro se* during trial, limited Stevenson's cross-examination of a state witness, yelled at Stevenson's counsel during sentencing, and refused to allow the record to reflect he had yelled; (3) his sentence was excessive; (4) the charging instrument did not adequately identify the allegedly stolen van; and (5) direct appeal counsel's failure to raise unspecified issues prevented him from receiving effective assistance of counsel.  The trial court dismissed the petition.

Stevenson appealed with the assistance of counsel, arguing that his affidavit alleging that the trial judge yelled during sentencing and then imposed a 21-year sentence demonstrated bias. The Illinois Appellate Court found the argument forfeited, as it should have been presented on direct appeal, and affirmed the denial of state post-conviction relief. Alternatively, it found that the claim failed on the merits as the trial court's reaction was "no more than an emphatic reaction" to the assertion that it had curtailed Stevenson's *pro se* examination of a state witness since the trial court allowed Stevenson to continue cross-examining a witness for "three pages of transcript" after being told to "wrap this up," let him change his mind about calling that witness during re-cross-examination, and allowed him to ask 14 questions on re-cross-examination. *People* v. *Stevenson*, No. 1-09-393, at 5-6 (Ill. App. Ct. Sept. 17, 2010) (unpublished order). Stevenson filed a PLA repeating his judicial bias claim. On May 25, 2011, the Illinois Supreme Court denied the PLA.

### C.    Federal Habeas Petition

On June 28, 2011, the court received Stevenson's § 2254 petition dated June 17, 2011. The court allowed Stevenson to amend his petition. The amended petition contains five claims:

(1)    The state knowingly used perjured testimony about the van's ownership, and any procedural default arising from Stevenson's failure to raise this issue in his post-conviction appeal should be excused as his counsel provided constitutionally ineffective assistance;

(2)    The trial judge's curtailment of Stevenson's cross-examination of a state witness, yelling at Stevenson's counsel during sentencing, declining to have the record reflect his yelling, and imposing an excessive 21-year sentence demonstrate judicial bias;

(3)    Stevenson's sentence was excessive;

(4)    The charging instrument did not adequately identify the stolen van; and

(5)     The decision of counsel on direct appeal to challenge only Stevenson's sentence meant he provided constitutionally ineffective assistance as Stevenson also wanted counsel to raise claims one, two, and four.

## ANALYSIS

Multiple procedural doctrines limit a federal court's power to reach the merits of claims raised in habeas petitions filed pursuant to 28 U.S.C. § 2254. For the following reasons, Stevenson is not entitled to habeas relief because (1) the doctrine of procedural default bars claims one, four, and five as he did not present these claims in one full round of state court review; (2) the independent and adequate state ground doctrine bars claim two; (3) depending on how claim three is construed, it is either not cognizable in a federal habeas corpus proceeding or procedurally defaulted; and (4) none of the exceptions to procedural default is applicable.

### A.    Procedural Default — Claims One, Four, and Five

A petitioner must present his claims to all levels of the Illinois courts to avoid procedural default. *See O'Sullivan* v. *Boerckel*, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Thus, the court must determine if Stevenson presented the claims in his federal habeas petition to the state trial court, the Illinois Appellate Court, and the Illinois Supreme Court. *See Castille* v. *Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 103 L.Ed. 2d 380 (1989); *see also Lewis* v. *Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004) ("Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings . . . . This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.").

Claims one (knowing use of false testimony), four (deficient charging instrument), and five (ineffectiveness of counsel on direct appeal) appear in Stevenson's state post-conviction but not his appellate brief or PLA. Accordingly, they are procedurally barred. *See Castille*, 489 U.S. at 349 (failure to present claim to state intermediate court means it is procedurally barred); *O'Sullivan*, 526 U.S. at 844 (failure to present claim to state's highest court means it is procedurally barred).

### B.      Independent and Adequate State Ground — Claim Two

Under the independent and adequate state ground doctrine, this court may not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman* v. *Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed. 2d 640 (1991), *superseded by statute on other grounds*, 28 U.S.C. § 2254(b)(2). The Illinois Appellate Court found that Stevenson forfeited his judicial bias claim by failing to present it on direct appeal. It then held that "assuming, arguendo, that defendant had not [forfeited the claim]," the claim was meritless. *People* v. *Stevenson*, No. 1-09-393, at 5.

Forfeiture is an independent and adequate state law ground. *Liegakos* v. *Cooke*, 106 F.3d 1381, 1385 (7th Cir. 1997); *see also Woods* v. *Schwartz*, 589 F.3d 368, 375 (7th Cir. 2009) (waiver is an independent and adequate state law ground). The Illinois Appellate Court held that Stevenson forfeited his judicial bias claim. Thus, this claim is barred by the independent and adequate state ground doctrine. The fact that the Illinois Appellate Court "assum[ed], arguendo, that defendant had not [forfeited the claim]," *People* v. *Stevenson*, No. 1-09-393, at 5, and reached the merits of the claim does not affect this result as "a state court need not fear reaching

the merits of a federal claim in an *alternative* holding." *Harris* v. *Reed*, 489 U.S. 255, 264 n.10, 109 S.Ct. 1038, 103 L.Ed. 2d 308 (1989) (emphasis in original). Accordingly, Stevenson cannot obtain federal habeas relief based on his judicial bias claim.

### C. Cognizability and Procedural Default — Claim Three

In his third claim, Stevenson argues that his sentence is excessive because the trial court was biased against him. To the extent this claim is distinct from his judicial bias claim, it is not cognizable, as he appears to be contending that the state court improperly applied state law when determining his sentence and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Wilson* v. *Corcoran*, — U.S. —, 131 S.Ct. 13, 178 L.Ed. 2d 276 (2010) (quoting *Estelle* v. *McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed. 2d 385 (1991)); *see also* 28 U.S.C. § 2254(a) (a federal court may issue a writ of habeas corpus to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

Stevenson's sentencing claim must also fail as he does not contend that his sentence exceeded the sentencing range of a valid state statute or the trial court lacked jurisdiction to sentence him. *See Gleason* v. *Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994). Moreover, he does not assert that the trial court committed a constitutional error which made his sentence fundamentally unfair. *Id.* Even if he attempted to do so at this point in the proceedings, he could not prevail as he did not cast his sentencing claim in federal constitutional terms through one complete round of state review. *See United States ex rel. Bruce* v. *McCann*, 598 F.Supp. 2d 890, 899–900 (N.D. Ill. 2009). Thus, Stevenson's request for a writ of habeas corpus directed at his sentence is unavailing.

**D.     Exceptions to Procedural Default**

A federal court may not grant relief on a procedurally defaulted claim unless the

petitioner can establish cause for the default and actual prejudice as a result of the alleged

violation of federal law or demonstrate that the court's failure to consider the claim will result in

a fundamental miscarriage of justice.  *See Coleman*, 501 U.S. at 750.  Stevenson does not

contend that cause and prejudice or the fundamental miscarriage of justice exceptions excuse his

default.  Thus, he has forfeited any arguments based on these exceptions.  *See Crockett* v. *Hulick*,

542 F.3d 1183, 1193 (7th Cir. 2008) (when petitioner does not assert reasons why his procedural

default should be excused, the court "cannot consider his claim").

In any event, the exceptions do not help him.  Cause exists where "some objective factor

external to the defense impeded [the petitioner's] efforts to comply with the State's procedural

rule."  *Strickler* v. *Greene*, 527 U.S. 263, 282 n.24, 119 S.Ct. 1936, 144 L.Ed 2d 286 (1999).

Here, Stevenson failed to properly follow state procedural rules.  Nothing in the record before

the court indicates that an objective factor prevented him from doing so.

Moreover, to the extent that Stevenson's petition can be read as asserting a claim that any

of the attorneys in his direct or collateral proceedings were ineffective, "a claim of attorney

ineffectiveness which is defaulted in state court cannot be the basis for cause, unless the

petitioner can establish cause and prejudice for the ineffectiveness claim as well."  *Promotor* v.

*Pollard*, 628 F.3d 878, 887 (7th Cir. 2010); *see also Edwards* v. *Carpenter*, 529 U.S. 446,

450–51, 120 S.Ct. 1587, 146 L.Ed. 2d 518 (2000) ("a procedurally defaulted ineffective-

assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas

claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to

the ineffective-assistance claim itself."). Stevenson unquestionably has defaulted any ineffective assistance of counsel claims, and cause and prejudice do not excuse this default. Therefore, he cannot establish cause. Because he cannot do so, the court will not address prejudice. *Promotor*, 628 F.3d at 887.

The fundamental miscarriage of justice exception is also inapplicable because "this relief is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger* v. *Bowen*, 301 F.3d 758, 767 (7th Cir. 2002) (citing *Schlup* v. *Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed. 2d 808 (1995)). To show "actual innocence," a petitioner must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. *Id*. Stevenson's petition, as well as the state court pleadings submitted to the court, do not contain any substantiated allegations of actual innocence. Thus, this exception does not apply. Stevenson is, therefore, not entitled to relief pursuant to § 2254.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, which provides that the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant," the court turns to whether a certificate of appealability should issue. Under 28 U.S.C. § 2253(c)(2): "(1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2) [t]he certificate must identify each substantial constitutional question; (3) [i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4) [a]ny substantial non-constitutional issue must be identified

specifically in the certificate; [and] (5) [i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis* v. *Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

For the reasons stated above, the court finds that there can be no showing of a substantial constitutional question for appeal as reasonable jurists would not find this court's ruling debatable. *Lavin* v. *Rednour*, 641 F.3d 830, 832 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000)). Accordingly, the court declines to issue a certificate of appealability.

## CONCLUSION

The clerk is directed to substitute Donald Gaetz, the warden of the Pinckneyville Correctional Center, as the respondent. In addition, for the foregoing reasons, Stevenson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 petition is denied and the court declines to certify any issues for appeal under 28 U.S.C. § 2253(c).


Enter:


Dated: April 3, 2013

_____
JOAN HUMPHREY LEFKOW
United States District Judge